UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEXTER LEWIS VASSAR-EL | CIVIL ACTION |
| VERSUS | No. 18-838 |
| ORLEANS PARISH PRISON, ET AL. | SECTION: "J"(5) |

## ORDER AND REASONS

Before the Court is a petition for habeas corpus relief[1] brought pursuant to 28 U.S.C. § 2241[2] by Petitioner, Dexter Lewis Vassar-El.[3] The State filed a response (Rec. Doc. 12), arguing that this Court must dismiss this Petition because Vassar-El has failed to exhaust his claims, and because there are no grounds to warrant federal intervention. Petitioner has not replied to the State's arguments, but has filed several affidavits which collectively reject the State's jurisdiction over him on the grounds that he is a "sovereign citizen," or in his words: "a free and sovereign Moor American." (Rec. Doc. 17 at 2). Considering the Petition, the entire record, the memoranda and affidavits, and the applicable law, the Court finds that the petition for habeas corpus relief should be **DISMISSED without prejudice.**

---

[1] This petition is substantively identical to another habeas claim Petitioner filed simultaneously, and which is also pending before this section: *Vassar El v. Gary Maynard*, No. 2-18-cv-00839-CJB-MBN (E.D. La.). The arguments within these petitions in these two cases are the same, as are the affidavits filed in each case. Therefore, the Court's analyses and conclusions are also the same in the respective orders disposing of each case.

[2] The assigned magistrate in this case correctly determined that this petition, although written on a form for relief pursuant to 28 U.S.C. § 2254, is actually a petition for relief under 28 U.S.C. §2241.

[3] Petitioner also styles his name in court documents as "Dexter Lewis Vassar-Bey." State court documents refer to Petitioner simply as "Dexter Vassar," the name listed on Petitioner's birth certificate.

## FACTS AND PROCEDURAL HISTORY

Petitioner is a pretrial detainee currently in the custody of the Orleans Parish Sheriff. He was arrested on July 25, 2017, for a charge of second degree rape. That same day, at his first appearance, the magistrate judge ordered Petitioner to sign a domestic stay-away order; Petitioner refused to sign the order and it does not appear he was released from custody. On September 8, 2017, the District Attorney formally brought charges against Petitioner with a bill of information charging one count of second-degree rape in violation of La. Stat. Ann. § 14:42.1. Petitioner was arraigned on September 12, 2018, where he informed the state court that he wished to represent himself. The court appointed shadow counsel to assist Petitioner with his defense.

Throughout his proceedings, Petitioner has rejected the state's authority to arrest, jail, and try him, on the grounds that he is a "sovereign citizen." *See Gravatt v. U.S.*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (explaining a variety of this belief system). According to his filings, Petitioner has filed writs putting forth this argument to the Fourth Circuit Court of Appeal for the State of Louisiana and the Louisiana Supreme Court, before he filed here. However, the state record reveals that on March 9, 2018, the Louisiana Supreme Court rejected consideration of Petitioner's writ because of his failure to properly seek review below and because there were no "extraordinary circumstances" that would justify immediate review. According to this Court's research, Petitioner has not filed anything further with the Louisiana

Supreme Court.[4] The electronic docket sheet from Orleans Parish states a hearing was set for September 14th, concerning—among other issues—Petitioner's affidavit proclaiming sovereignty. However, it appears that Petitioner was not brought before the state court on that day, and that the hearing will be reset for a later date.

## PARTIES' ARGUMENTS

Petitioner sets forth the following grounds in support of his claim that he is being held in violation of the U.S. Constitution: (1) due process violations, (2) excessive bail, (3) the warrant was a tool to "kidnap [his] being," and (4) violation of the Treaty of Peace and Friendship between Morocco and the United States.

The State's response does not address the merits of any of Petitioner's claims, but asks for dismissal first, because there is not sufficient grounds for federal intervention in a state proceeding, see *Younger v. Harris*, 401 U.S. 37, 46 (1971) and second, because Petitioner has not exhausted his pre-trial claims in state courts, see *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

## LEGAL STANDARD

This Court has jurisdiction to consider petitions brought by detainees in state custody regardless of whether the detainee has yet been convicted. 28 U.S.C. § 2241; *see also Merritt v. Gusman*, No. CV 17-12114, 2018 WL 2977236, at *3 (E.D. La. May 14, 2018), report and recommendation adopted, No. CV 17-12114, 2018 WL 2972953 (E.D. La. June 13, 2018). Nevertheless, a federal court should "not exercise its habeas

---

[4] A member of this Court's staff called the clerk office of the Louisiana Supreme Court on September 6, 2018. The clerk's office confirmed that, as of that date, it had only received the one pro se document that Petitioner filed in January of 2018, which the Louisiana Supreme Court declined to review because it had not yet been reviewed by the intermediate court.

jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225. This exhaustion principle, while not written expressly written into § 2241, is a judicial doctrine rooted in federalism and is firmly established. *See Id.* (collecting cases).

To satisfy the exhaustion requirement, the petitioner must first bring his claim to the highest state court. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Thus, in Louisiana a petitioner must give the Louisiana Supreme Court "fair opportunity to pass upon the claim," which requires a petitioner to bring his claim in compliance with the appropriate procedural rules. *Id.* (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988)).

A federal court may divert from this rule only if "special circumstances" arise. *Dickerson*, 816 F.2d at 225. "Special circumstances" are such that the federal court cannot await a final ruling by state courts, because the integrity of a federal right is threatened. *Savoy v. Gusman*, No. CV 15-4906, 2016 WL 1411310, at *4 (E.D. La. Mar. 1, 2016), report and recommendation adopted, No. CV 15-4906, 2016 WL 1393517 (E.D. La. Apr. 8, 2016) (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Three sets of circumstances typically qualify as "special": "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Champer v. Fla.*, No. 6:14-CV-1966-ORL-31, 2014 WL 7070079, at *2 (M.D. Fla. Dec. 15, 2014).

Special circumstances, by contrast, are not present where a defendant is simply attempting to use § 2241 petition "to 'derail' [a] pending trial in the Louisiana state courts." *Dickerson*, 816 F.2d at 226. Section 2241 does not "authoriz[e] pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes." *Id.*

## DISCUSSION

It is clear that Petitioner has not yet exhausted his claim.[5] The state record submitted by the district attorney includes an order from the Louisiana Supreme Court, stating that it would not consider Petitioner's writ because it had not yet been reviewed by the lower courts. The Court's own research confirms that remains true— petitioner has not filed anything else with the Louisiana Supreme Court. Accordingly, "[t]he Louisiana Supreme Court was denied a fair opportunity to consider [petitioner's] claim because [petitioner] filed his state habeas petition improperly; his claim therefore remains unexhausted." *Id.*

Furthermore, even construing the Petition liberally, this Court can find no special circumstances warranting pretrial habeas intervention. There is no evidence in the record of bad faith on the part of the State or that there is a threat of irreparable harm or that state procedures have not provided a forum to address Petitioner's constitutional grievances. In fact, it appears that that even the state district court has not had an opportunity to hear Petitioner's constitutional arguments yet, as the

---

[5] Because the Court finds that Petitioner has not yet met the exhaustion requirement, the Court does not reach the State's second argument that federal intervention is not warranted under the *Younger* abstention doctrine.

relevant hearing has been continued several times. The Court therefore finds this Petition is an "improper attempt [by Vassar-El] to prematurely litigate his constitutional claims in the federal court with the hopes of derailing his pending criminal proceedings." *See Merritt*, 2018 WL 2977236, at *3 (citing *Dickerson*, 816 F.2d at 226). Thus, habeas corpus relief is not warranted at this time.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Dexter Lewis Vassar-El petition for habeas corpus relief under 28 U.S.C. § 2241, is hereby **DISMISSED without prejudice**.

New Orleans, Louisiana, this 18th day of September, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE